OPINION OF THE COURT
Memorandum.
The orders of the Appellate Division in the above-entitled proceedings should be affirmed, with costs.
The city police department and its director of personnel, without objecting to the authority of the city Civil Service Commission to hear the matter de nova, participated in an evidentiary hearing before the Commission on Ms. Garayua’s *972 disqualification, presenting their own witnesses and cross-examining Ms. Garayua’s. Moreover, even after the Commission’s decision was announced, the police department and personnel director continued to treat the Commission as the primary fact finder by moving for a reopening of the case on grounds of "newly discovered evidence” alone.
Having fully taken part in this proceeding, the agency and personnel director charted their own procedural course and cannot now be heard to complain because the Civil Service Commission made findings and exercised its own discretion on the basis of the facts placed before it. At this point, all that a reviewing court may do is examine the Commission’s determination to ensure that its discretionary determination with respect to the penalty was not so disproportionate to the offense, in light of all the circumstances, as to be shocking to one’s sense of fairness (Matter of Pell v Board of Educ., 34 NY2d 222, 233). Inasmuch as the Commission’s decision to direct Garayua’s reinstatement was within the range of the rational conclusions that could be reached on the basis of the record before it, that decision must be upheld and obeyed.
Chief Judge Wachtler and Judges Meyer, Simons, Alexander, Titone and Hancock, Jr., concur; Judge Kaye taking no part.
In each case: Order affirmed, with costs, in a memorandum.