■ CHAZY & WESTPORT TELEPHONE CORPORATION, Respondent, v KFC-KUNTZ FOR CONGRESS et al., Appellants. [714 NYS2d 544] —Mercure, J. P. Appeal from a judgment of the Supreme Court (Dawson, J.), entered March 8, 1999 in Essex County, upon a decision of the court in favor of plaintiff.

Defendant William Kuntz, III (hereinafter defendant) arranged to have plaintiff install two residential telephone lines in the name of "KFC". Shortly thereafter, plaintiff became aware that "KFC" was an acronym for "Kuntz for Congress" and contacted the Public Service Commission (hereinafter PSC) to determine whether such an entity should be considered a

residential or a business subscriber. Upon the advice of the PSC, plaintiff notified defendant that his listing reflected a business rather than residential use and informed him that his monthly bills would be adjusted to reflect the business rate. Plaintiff apparently billed defendant at the business rate for several months but defendant failed to remit payment. Ultimately, plaintiff sent final notices to defendant, who responded with the claim that his candidacy entitled him to avoid the debt. In February 1993, plaintiff commenced this action to recover the balance due for the telephone service. Following a nonjury trial, Supreme Court found in favor of plaintiff and judgment was entered in the amount of $1,703.66. Defendant appeals.

We affirm. As a threshold matter, we note that defendant has failed to include a transcript of the trial of the action in the record on appeal. As a result, it is impossible for us to determine the merit of the majority of the issues that have been raised. The remaining issues raised in defendant's *pro se* brief are found to be devoid of merit. Patently, plaintiff was entitled to obtain an opinion from the PSC and was by no means required to bring a CPLR article 78 proceeding against that body. Nor are we persuaded that the Federal election law somehow relieves defendant of his obligation to pay for the subject telephone service. Finally, we find no error in Supreme Court's award of interest, costs and disbursements in favor of plaintiff. Defendant's remaining contentions do not warrant discussion.

Peters, Spain, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, with costs.