■ In the Matter of CITY OF NEW YORK et al., Petitioners, v NEW YORK CITY CIVIL SERVICE COMMISSION et al., Respondents. In the Matter of MICHAEL A. CIACCIULLO, Petitioner, v RAYMOND W. KELLY, as Police Commissioner of the City of New York, et al., Respondents. [800 NYS2d 1]—

In these CPLR article 78 proceedings, transferred to this Court by orders of the Supreme Court, New York County (Faviola A. Soto, J.), entered January 5, 2004 and February 5, 2004, inter alia, to annul the determination of respondent Civil Service Commission, dated March 31, 2003, which reversed the determination of petitioners New York City Department of Citywide Administrative Services (DCAS) and New York City Police Department, dated December 22, 2000, finding petitioner/ respondent Michael A. Ciacciullo (respondent) psychologically not suitable for the position of police officer and therefore disqualified from the preferred list, and ordered that he be reinstated, the municipal petitioners' petition is unanimously granted, without costs, the determination of the Civil Service Commission annulled and vacated, and the determination of DCAS and the Police Department reinstated. The petition of petitioner/respondent Michael A. Ciacciullo to compel his reinstatement is unanimously denied and the proceeding dismissed, without costs.

Respondent was hired as a Housing Authority police officer in 1983 and was granted ordinary disability retirement in 1992 after being found unfit to perform the duties of police officer for psychological reasons, having been diagnosed with paranoid personality disorder apparently resulting from job-related stress. Although he did not seek or maintain any other employment in the ensuing 10 years, respondent unsuccessfully sought reinstatement in 1994 and again in 1999, resulting in this proceeding.

As the agency having both policy-making authority and functional responsibility for civil service matters in New York City, DCAS has the power to investigate and determine the

qualifications of applicants for civil service positions. In this instance, DCAS has delegated its powers under Civil Service Law § 81 (7) to the Police Department, thus giving it the authority to disqualify respondent from employment. In determining the fitness of candidates, the Police Department, as the agency charged with the responsibility, is afforded "[w]ide discretion," which is to be sustained unless clearly abused (*see Matter of Metzger v Nassau County Civ. Serv. Commn.*, 54 AD2d 565, 566 [1976]; *see also Matter of Martin v Marchiselli*, 262 AD2d 171 [1999]).

On the other hand, the Civil Service Commission is not empowered to decide the matter de novo, the only powers reserved to it being those of an appeals board to hear and decide appeals by persons aggrieved by DCAS's determinations (*Matter of City of New York v City Civ. Serv. Commn.*, 60 NY2d 436, 442 [1983], citing NY City Charter § 812 [c] [now § 813 (d)]). As such it is limited to affirming, modifying or reversing a determination, such as the one under review made pursuant to section 814 (a) (6) of the Charter (NY City Charter § 813 [d]), and its standard of review is the same as the judicial standard applicable in article 78 proceedings. The issue presented for the Civil Service Commission's consideration was thus limited to whether there was a rational basis to support the Police Department's determination that respondent was not qualified for reinstatement as a police officer (*cf. Matter of Hughes v Doherty*, 5 NY3d 100 [2005]).

In her 1999 disqualification report, one Police Department psychologist found that respondent "continues to be too high a risk to carry a firearm as a P.O. because of his vulnerability to stress, which could lead to a recurrence of disabling psychiatric symptoms." In a subsequent 2002 report and in her testimony before the Civil Service Commission, a second Police Department psychologist found that there is no evidence that respondent's stress tolerance has improved and that "there is significant risk serious psychological symptoms will return if respondent is again placed under the stress of full-duty police work." That psychologist stated that the best predictor for future behavior is past behavior.

In light of such evidence and despite evidence that by 1999 respondent was no longer disabled from a psychological perspective in a relatively stress-free environment, the Police Department, as the agency charged with responsibility for the integrity and efficiency of its operations, was entitled to rely upon the expertise of its own experts. On the other hand, as noted by the dissenting member of the Civil Service Commission, respondent

has presented no evidence to show that he would be able to handle the daily stresses of a full-time police officer if he were restored to that position.

Accordingly, inasmuch as it cannot be said as a matter of law that there was no rational basis for the Police Department's finding that respondent is psychologically unsuitable for the full-duty police officer position, the determination of the Civil Service Commission to the contrary was arbitrary and is annulled and vacated. Concur—Buckley, P.J., Tom, Andrias, Marlow and Ellerin, JJ.