[849 NE2d 942, 816 NYS2d 719]

In the Matter of CITY OF NEW YORK et al., Respondents, v NEW YORK CITY CIVIL SERVICE COMMISSION, Respondent, and MICHAEL A. CIACCIULLO, Appellant.

In the Matter of MICHAEL A. CIACCIULLO, Appellant, v RAYMOND W. KELLY, as Police Commissioner of the City of New York, et al., Respondents.

Argued March 21, 2006; decided May 2, 2006

### APPEARANCES OF COUNSEL

*Worth Longworth & London, LLP*, New York City (*Howard B. Sterinbach* of counsel), for appellant.

*Michael A. Cardozo, Corporation Counsel*, New York City (*Cheryl Payer, Stephen J. McGrath* and *Eric Eichenholtz* of counsel), for respondents.

### OPINION OF THE COURT

MEMORANDUM.

The judgment of the Appellate Division should be affirmed, with costs.

Following several examinations demonstrating a psychological condition related to job stress, in 1992 petitioner was placed on ordinary disability retirement as a New York City Housing Authority police officer. In 1998 petitioner sought reinstatement as a police officer with the New York City Police Department (NYPD) (which in 1995 had merged with the Housing Authority Police Department). During the years of his retirement, petitioner neither sought nor obtained employment of any kind. After reviewing the reports of a number of doctors concerning petitioner's psychological condition, the New York City Employee Retirement System (NYCERS) medical board in 1999 concluded that petitioner was no longer disabled and certified him to the Department of Citywide Administrative Services (DCAS) for reinstatement.*

Pursuant to its regular candidate screening process, the NYPD referred petitioner to a psychologist to determine his fitness for duty as a police officer. After examining petitioner and

---

* DCAS is the municipal agency empowered to administer the civil service laws, including those regarding the qualifications of candidates for employment (*see* NY City Charter § 813; *see also Matter of Hughes v Doherty*, 5 NY3d 100, 105 [2005]). DCAS has delegated this authority with respect to medical qualification of police officer candidates to the NYPD.

reviewing his medical history, the psychologist reported that he had "continued problems with stress tolerance," that he posed "too high a risk to carry a fire arm" as a police officer, and that "because of his vulnerability to stress, which could lead to a recurrence of disabling psychiatric symptoms," he was not qualified for the work of a police officer. By letter dated December 22, 2000 the NYPD notified petitioner that he had been found psychologically unfit for the position of police officer. Petitioner appealed that determination to the New York City Civil Service Commission.

Prior to the Civil Service Commission hearing, at the instance of the NYPD, a second psychologist examined petitioner regarding his fitness for duty. According to that psychologist, petitioner's "underlying personality disorder has not remitted but has only been muted by [his] current unstressed lifestyle." The second expert, like the first, reported that petitioner was unfit for a full-duty police officer position, and that if he were to return to active police duty there was a "significant risk that serious psychological symptoms [would] return."

At the hearing before the Civil Service Commission, DCAS placed into evidence the reports of both psychologists, as well as the testimony of the second psychologist that petitioner showed continued signs of psychiatric disorder when placed under stress, and argued that petitioner was unfit for police service due to the risk of recurrence of his psychological problems. Petitioner testified on his own behalf, describing his work history and his daily activities since retirement—basically, gardening, jogging, food shopping, maintenance of his house in South Carolina and the reinstatement litigation—and relied on the reports of doctors who had examined him between 1987 and 1999 to determine whether he suffered from a mental disability.

With one dissenting member, the Civil Service Commission panel reversed the NYPD's unfitness determination and ordered petitioner reinstated, concluding that "[t]he evidence clearly shows that [petitioner] does not have any psychological disorders." The dissenter noted that petitioner had "presented no evidence that he would be able to handle the daily stresses of the position of Police Officer if he was restored to full-duty" and had "not submitted sufficient evidence that he is psychologically fit to perform the duties of a Police Officer."

Petitioner then commenced this article 78 proceeding to compel his reinstatement, and DCAS filed a cross-petition to annul the Commission's decision. Supreme Court transferred the

petitions to the Appellate Division, which unanimously granted municipal petitioners' petition and annulled the Civil Service Commission's determination. The Appellate Division concluded that the Commission had applied the wrong standard of review; that it "is not empowered to decide the matter de novo, the only powers reserved to it being those of an appeals board to hear and decide appeals by persons aggrieved by DCAS's determinations"; and that the Commission had erroneously failed to grant deference to the agency's determination (20 AD3d 347, 348 [1st Dept 2005]).

Having failed to object to the authority of the Civil Service Commission to hear the matter anew—indeed, having itself presented new evidence at the hearing—DCAS cannot now complain that the Commission had no power to decide the matter de novo. As we noted in *Matter of Garayua v New York City Police Dept.* (68 NY2d 970, 972 [1986])—squarely on point—the agency "charted [its] own procedural course and cannot now be heard to complain because the Civil Service Commission made findings and exercised its own discretion on the basis of the facts placed before it."

The sole question before us therefore is whether the Commission's reinstatement determination was rational. While the Commission had evidence that petitioner was no longer psychologically disabled, there was no evidence that—given his background and lack of any employment for a decade (or more)—he was fit for the stresses of police work. DCAS adduced medical evidence of his future unfitness while petitioner offered no medical evidence to rebut that proof and support his future fitness. There was thus a failure of proof on the question of future fitness, a basis on which to disqualify petitioner (*see* Civil Service Law § 50 [4] [b]), and the reinstatement determination was not rational.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT, GRAFFEO, READ and R.S. SMITH concur.

Judgment affirmed, with costs, in a memorandum.