■ In the Matter of CITY OF NEW YORK et al., Petitioners, v NEW YORK CITY CIVIL SERVICE COMMISSION et al., Respondents. [877 NYS2d 322]—

In this CPLR article 78 proceeding (transferred to this Court by order of Supreme Court, New York County [Marylin G. Diamond, J.], entered February 27, 2008), petition unanimously granted, and decision of respondent Civil Service Commission (CSC), dated March 19, 2007, which reversed a determination by petitioner Police Department (NYPD) that had disqualified respondent Elias as medically unsuitable for the position of police officer, annulled, on the law, without costs, and the NYPD determination reinstated.

The CSC decision was arbitrary and capricious because it was irrational and disregarded relevant facts (*cf. Matter of Valle v Buscemi*, 233 AD2d 334 [1996]). Specifically, CSC erroneously found that NYPD had no written standard on the condition of sleep apnea. Indeed, a written standard was given to CSC, stating that the disorder "can be detrimental to job performance when vigilance is necessary." There was substantial medical evidence about the dangers of sleep apnea and blood oxygen desaturation, and the extreme risks posed by this condition, especially with respect to a police officer's duties. Petitioners' medical expert, who testified at the hearing, concluded that Elias's condition could lead to dire health consequences in the future.

"An appointing authority has wide discretion in determining the fitness of candidates . . . particularly . . . in the hiring of law enforcement officers, to whom high standards may be applied" (*Matter of Verme v Suffolk County Dept. of Civ. Serv.*, 5 AD3d 498, 498 [2004]). "In determining whether a candidate is medically qualified to serve as a police officer, the appointing authority is entitled to rely upon the findings of its own medical personnel, even if those findings are contrary to those of profes-

sionals retained by the candidate, and the judicial function is exhausted once a rational basis for the conclusion is found" (*Matter of Thomas v Straub*, 29 AD3d 595, 596 [2006]). CSC's decision was irrational because it disregarded the informed medical opinions of NYPD's doctors and was based instead on the brief and conclusory statement of Elias's physician, which did not address in detail the condition at issue as it might affect the physical demands of police duty. Furthermore, Elias failed to offer convincing evidence as to his future fitness for the job (*see Matter of City of New York v New York City Civ. Serv. Commn.*, 6 NY3d 855 [2006]). Concur—Saxe, J.P., Friedman, Moskowitz, Freedman and Richter, JJ.