of error coram nobis denied. Present—Scudder, P.J., Hurlbutt, Martoche, Smith and Centra, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH LEE, Appellant. [887 NYS2d 925]—Motion for writ of error coram nobis dismissed. Present—Scudder, P.J., Hurlbutt, Centra, Green and Pine, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MILTON LEE, Appellant. [887 NYS2d 925]—Motion for writ of error coram nobis denied. Present—Smith, J.P., Centra, Green and Pine, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLOVERIOUS THOMAS, Appellant. [887 NYS2d 925]—Motion for writ of error coram nobis denied. Present—Martoche, J.P., Centra, Green and Gorski, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDY HALL, Appellant. [887 NYS2d 925]—Motion for writ of error coram nobis denied. Present—Scudder, P.J., Centra, Fahey, Green and Pine, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFFORD K. PICKETT, Appellant. [887 NYS2d 922]—Motion for writ of error coram nobis granted. Memorandum: Defendant contends that he was denied effective assistance of appellate counsel because counsel failed to raise an issue on direct appeal that would have resulted in reversal, specifically, in failing to argue that County Court erred in ordering restitution inasmuch as it was not part of the plea bargain. Upon our review of the trial court proceedings, we conclude that the issue may have merit. Therefore, the order of March 14, 2008 is vacated and this Court will consider the appeal de novo (*see People v Le-Froise*, 151 AD2d 1046). Defendant is directed to perfect his appeal on or before January 12, 2010. Present—Scudder, P.J., Martoche, Centra, Fahey and Peradotto, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY YOUNG, Appellant. [887 NYS2d 925]—Motion for writ of error coram nobis denied. Present—Hurlbutt, J.P., Martoche, Peradotto, Pine and Gorski, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RASHEID K. LOTT, Appellant. [887 NYS2d 925]—Motion for writ of error coram nobis denied. Present—Scudder, P.J., Hurlbutt, Martoche, Green and Gorski, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON L. WRIGHT, Appellant. [887 NYS2d 925]—Motion for reargu-

ment or reconsideration denied. Present—Scudder, P.J., Fahey, Peradotto, Carni and Green, JJ.

■ PULVER ROOFING COMPANY, INC., Appellant, v SBLM ARCHITECTS, P.C., Respondent. [887 NYS2d 925]—Motion for reargument or leave to appeal to the Court of Appeals denied. Present—Martoche, J.P., Smith, Fahey, Carni and Green, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TODD A. KENDALL, Appellant. [887 NYS2d 925]—Motion for reargument and reconsideration denied. Present—Martoche, J.P., Centra, Peradotto, Green and Gorski, JJ.

■ STEPHEN DIMARCO, Appellant, v PATRICK J. BOMBARD, Individually and as a Member of BOMBARD BUICK PONTIAC GMC TRUCK, LLC, et al., Respondents. (Action No. 1.) STEPHEN DIMARCO, Appellant, v PATRICK J. BOMBARD, Individually and as a Member of 100 MAIN STREET, LLC, et al., Respondents. (Action No. 2.) [887 NYS2d 922]—Motion for reargument granted and, upon reargument, the memorandum and order entered October 2, 2009 (66 AD3d 1341 [2009]) is amended by adding the following sentence as the last sentence of the memorandum: "Even assuming, arguendo, that the affidavit of plaintiff's attorney, which purports to outline the terms of the stipulation, constitutes a sufficient record upon which we may review plaintiff's contention that the court erred in vacating the settlement agreement, we would nevertheless affirm." Present—Scudder, P.J., Hurlbutt, Peradotto, Green and Gorski, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAFAYETTE MELTON, Appellant. [887 NYS2d 921]—Motion to dismiss appeal granted. Memorandum: Appeal unanimously dismissed and matter remitted to Erie County Court to vacate the judgment of conviction and dismiss the indictment either sua sponte or on application of either the District Attorney or counsel for defendant (see People v Matteson, 75 NY2d 745). Present—Scudder, P.J., Hurlbutt, Martoche, Smith and Centra, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRANDON CAVALIER, Appellant. [887 NYS2d 920]—Judgment unanimously affirmed. Counsel's motion to be relieved of assignment granted (see People v Crawford, 71 AD2d 38 [1979]). (Appeal from Judgment of Livingston County Court, Dennis S. Cohen, J.—Violation of Probation). Present—Scudder, P.J., Hurlbutt, Martoche, Centra and Peradotto, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. DERICK GRAMLING, Appellant, v NEW YORK STATE DEPARTMENT OF COR-