■ Hisham M. Yaghi, Appellant, v Eloise Catalano, Respondent. [921 NYS2d 918]—

Lahtinen, J. Appeal from an order of the Supreme Court (Williams, J.), entered September 23, 2009 in Saratoga County, which, among other things, classified certain real property for purposes of equitable distribution.

The parties to this divorce action ostensibly stipulated to have Supreme Court determine—based upon their written submissions—issues pertaining to classification and distribution of some of their many assets. The stipulation is not in the record and the precise terms thereof cannot be gleaned from the conflicting ways the parties' framed the issues in their submissions. Nevertheless, as pertinent here, Supreme Court, in decisions in September 2009 and December 2009, determined that a disputed mobile home park was marital property, but awarded the vast majority of the value of that park to defendant. Plaintiff appeals from the September 2009 order.

The parties charted a course of apparently conferring broad power for Supreme Court to decide the issues regarding the mobile home park based merely upon their written submissions. Having freely embarked upon that path, plaintiff's current contention that there was insufficient evidence and that there should now be a hearing is unavailing (*see Ramsey v Ramsey*, 226 AD2d 989, 990 [1996]; *see also Washington v Washington*, 14 NY3d 777, 778 [2010]; *Matter of City of New York v New York City Civ. Serv. Commn.*, 6 NY3d 855, 858 [2006]).

Plaintiff's failure to include the stipulation in the record precludes further meaningful review (*see Chazy & Westport Tel. Corp. v KFC-Kuntz for Congress*, 276 AD2d 872, 873 [2000]; *see also DiMarco v Bombard*, 66 AD3d 1344 [2009], *amended* 67 AD3d 1459 [2009]). In any event, the written submissions reflected that the mobile home park had been obtained by defendant as a result of her prior husband's default on substantial amounts he owed to her when they divorced (*see generally Gadomski v Gadomiski*, 245 AD3d 579, 579 [1997]). While plaintiff briefly owned the park jointly with defendant during their marriage, we cannot conclude, based on the limited information in this record, that Supreme Court erred in its classification of the property or abused its discretion regarding distribution.

Mercure, J.P., Malone Jr., Kavanagh and Garry, JJ., concur. Ordered that the order is affirmed, without costs.