# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1315**
**CAF 13-01202**
PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, LINDLEY, AND SCONIERS, JJ.

---

IN THE MATTER OF MARILYN CAUGHILL,
PETITIONER-RESPONDENT,

V                                                      MEMORANDUM AND ORDER

JEFF CAUGHILL, RESPONDENT-APPELLANT.

---

LOVALLO & WILLIAMS, BUFFALO (TIMOTHY R. LOVALLO OF COUNSEL), FOR
RESPONDENT-APPELLANT.

MICHELLE SCHWACH MIECZNIKOWSKI, ATTORNEY FOR THE CHILDREN, BUFFALO.

-------------------------------------------------------------------------------

Appeal from an order of the Family Court, Erie County (Marjorie
C. Mix, J.H.O.), entered May 15, 2013 in a proceeding pursuant to
Family Court Act article 6.  The order granted petitioner sole custody
of the parties' children.

It is hereby ORDERED that said appeal insofar as it concerns the
parties' older daughter is unanimously dismissed and the order is
affirmed without costs.

Memorandum:  Respondent father contends that Family Court erred
in modifying a prior custody order by awarding custody of the parties'
two children to petitioner mother.  We note at the outset that the
parties' older daughter "has attained the age of 18, and we therefore
dismiss as moot the appeal from the . . . order insofar as it
concerned that child" (*Matter of Graham v Thering*, 55 AD3d 1319, 1320,
*lv denied* 11 NY3d 714).  We thus do not address the father's
contentions related to that child.

With respect to the issue of custody of the younger child, the
father contends that the Judicial Hearing Officer (JHO) improperly
prejudged the issue of custody, thereby denying him a fair hearing.
Even assuming, arguendo, that the JHO's prehearing statement, i.e.,
that she saw no other outcome for the case than to award custody to
the mother, was improper, we note that "[o]ur authority in
determinations of custody is as broad as that of Family Court . . .
and where, as here, the record is sufficient for this Court to make a
best interests determination . . . , we will do so in the interests of
judicial economy and the well-being of the child" (*Matter of Bryan
K.B. v Destiny S.B.*, 43 AD3d 1448, 1450; *see Matter of Howell v
Lovell*, 103 AD3d 1229, 1231).

In making a custody determination, " 'numerous factors are to be

considered, including the continuity and stability of the existing custodial arrangement, the quality of the child's home environment and that of the parent seeking custody, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, and the individual needs and expressed desires of the child' " (*Bryan K.B.*, 43 AD3d at 1450; *see generally Eschbach v Eschbach*, 56 NY2d 167, 171-173; *Fox v Fox*, 177 AD2d 209, 210). After reviewing those factors, we conclude that it is in the child's best interests to award custody to the mother. The mother established that she was more likely to provide stability and continuity for the child and was better able to provide financially for the child. The mother also established that she was more supportive of a relationship between the child and the noncustodial parent and was better able to provide for the child's emotional and intellectual development. In addition, the mother presented evidence of domestic violence committed by the father, and the Attorney for the Child indicated that the younger daughter, who is now 16 years of age, wished to live with her mother. We thus conclude that it is in the child's best interests for the mother to have sole custody.

The father contends that the JHO erred in refusing to admit in evidence records from the Hillside Children's Center that the father contends were properly certified as business records. Inasmuch as neither the certification nor the records are contained in the record on appeal, the record before us is inadequate to allow review of that contention. The father must suffer the consequences of submitting an incomplete or inadequate record (*see e.g. DiMarco v Bombard*, 66 AD3d 1344, 1344, *amended on rearg* 67 AD3d 1459; *Matter of Santoshia L.*, 202 AD2d 1027, 1028). Although the record was compiled pursuant to an order settling the record, the father failed to appeal from that order, and we are thus unable to address any issue related to the propriety of that order (*see Matter of Haley M.T.*, 96 AD3d 1549, 1550).

Entered: January 2, 2015                      Frances E. Cafarell
                                              Clerk of the Court