■ In the Matter of ROSARIA GRACI, Appellant, v JOSEPH PONTE, as Commissioner of the New York City Department of Corrections, et al., Respondents. [45 NYS3d 789]—

Judgment and order (one paper), Supreme Court, New York County (Jennifer G. Schecter, J.), entered January 28, 2016, denying the petition to vacate a determination of the New York

City Civil Service Commission, dated July 16, 2014, which affirmed a determination of the New York City Department of Corrections, dated March 1, 2013, disqualifying petitioner from employment eligibility as a New York City correction officer, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

The medical evaluator's conclusions were not arbitrary and capricious or unreasonable (*see Matter of Griffin v City of New York*, 127 AD3d 412 [1st Dept 2015], *appeal dismissed* 25 NY3d 1191 [2015]), and respondents were entitled to rely on the findings of their own medical personnel "even if those findings are contrary to those of professionals retained by the candidate" (*Matter of City of New York v New York City Civ. Serv. Commn.*, 61 AD3d 584, 584-585 [1st Dept 2009]).

Further, petitioner has failed to preserve for appellate review her contention that she was entitled to a name-clearing hearing. Our review of the record, and petitioner's description of it in her brief, fail to show that such a request was properly made below. In any event, while petitioner disagrees with the medical evaluator's conclusions, she does not dispute the underlying facts upon which such conclusions were based (*Matter of Johnson v Kelly*, 35 AD3d 297, 298 [1st Dept 2006]). Concur—Sweeny, J.P., Acosta, Moskowitz, Kapnick and Kahn, JJ.