Matter of Kotowski v Port Auth. of N.Y. & N.J. (2019 NY Slip Op 03740)





Matter of Kotowski v Port Auth. of N.Y. & N.J.


2019 NY Slip Op 03740


Decided on May 14, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 14, 2019

Richter, J.P., Manzanet-Daniels, Webber, Kern, JJ.


9312 158519/17

[*1]In re Adam Kotowski, Petitioner-Appellant,
v
The Port Authority of New York and New Jersey, et al., Respondents-Respondents.


Law Office of Errol A. Brett, Floral Park (Errol A. Brett of counsel), for appellant.
The Port Authority Law Department, New York (Jonathan I. Smith of counsel), for respondents.



Order and judgment (one paper), Supreme Court, New York County (Nancy M. Bannon, J.), entered August 31, 2018, which granted respondents' motion to dismiss the petition seeking, inter alia, to annul respondents' determination, dated June 2, 2017, not to certify petitioner for appointment as a police officer of the Port Authority of New York and New Jersey, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Respondents' determination was not arbitrary and capricious and had a rational basis (see generally Matter of Peckham v Calogero, 12 NY3d 424, 431 [2009]). Respondent Port Authority "has wide discretion in determining the fitness of candidates[,]
. . . particularly . . . in the hiring of law enforcement officers, to whom high standards may be applied" (Matter of City of New York v New York City Civ. Serv. Commn., 61 AD3d 584, 584 [1st Dept 2009] [internal quotation marks omitted]). Here, respondents reasonably relied on the findings of two psychologists, who, after interviewing petitioner, concluded that, for a variety of reasons, he was psychologically unfit for the position of police officer.
Petitioner did not demonstrate the existence of a triable issue of fact but raised only unsubstantiated allegations and speculation concerning the motives of the psychologists who recommended denial of his application (see Matter of Van Rabenswaay v City of New York, 140 AD3d 596 [1st Dept 2016]; see CPLR 7804[h]). Nor did petitioner demonstrate that further discovery was warranted under the circumstances (see Stapleton Studios v City of New York, 7 AD3d 273, 275 [1st Dept 2004]).
We have considered petitioner's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 14, 2019
CLERK