*807 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, the petition granted, the cross petition dismissed, and so much of respondent New York City Civil Service Commission’s determination as awarded Kevin White back pay annulled.
In January 1985 respondent White was appointed to the New York City Housing Authority Police Department, subject to a background check. While still a probationary employee, he was terminated by petitioner for failing to provide certain information on Ms application and because he was believed to be medically disqualified. White took an administrative appeal to respondent Civil Service Commission. The Commission reversed petitioner’s determination, restored White to Ms position and awarded Mm back pay, for the period he had not worked for the Police Department, less any amounts earned or received as unemployment benefits. Petitioner instituted this proceeding challenging the award of back pay, contending that the Commission had no power to grant that relief in the absence of a statute or contract authorizing it to do so and that, in the absence of such áuthorization, the payment constituted an unlawful gift of public funds (see, Matter of Antonopoulou v Beame, 32 NY2d 126, 131).
An administrative agency has only those powers expressly or impliedly given it (see, Matter of Nicholas v Kahn, 47 NY2d 24, 31). We have delineated the powers reserved to the Commission as “those of an appeals board: to hear and decide appeals by persons aggrieved by [petitioner’s] determinations” (Matter of City of New York v City Civ. Serv. Commn., 60 NY2d 436, 442, citing NY City Charter § 812 [c] [now subd (d)]) and to hear and decide appeals in disciplinary proceedings (Civil Service Law § 76; Matter of City of New York v City Civ. Serv. Commn., 60 NY2d 436, 442, supra). In hearing such appeals the Commission may only “affirm, modify or reverse” petitioner’s determination (NY City Charter §812 [d]). The power to award back pay is neither expressly given nor may it necessarily be implied as a part of the Commission’s delegated powers. In the absence of such authority, the Commission may not grant back pay (see, Matter of City of Mount Vernon v State of New York Bd. of Equalization & Assessment, 92 AD2d 985, 988).
Respondent White contends authority for the award is to be found in section 77 of the Civil Service Law. However, that *808 section concerns compensation of employees reinstated "by order of the supreme court.” Section 77 is therefore inapplicable to this case because respondent was reinstated by the Commission, not by the court (contra, Matter of Sterling v Levitt, 168 AD2d 314, lv denied 77 NY2d 810). Moreover, insofar as the Appellate Division relied upon our decision in Matter of Garayua v New York City Police Dept. (68 NY2d 970) to support its determination, we note that in that case the award of back pay was not challenged before this Court.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
Order reversed, etc.