■ In the Matter of DAVID JOHNSON, Appellant, v POLICE DEPARTMENT OF THE CITY OF NEW YORK, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Police Department of the City of New York, dated June 5, 1991, which, after a hearing, determined the petitioner's business to be a public nuisance and directed its closure for a period of one year, the petitioner appeals from a judgment of the Supreme Court, Kings County (Spodek, J.), dated July 24, 1991, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Despite the petitioner's contentions, we find that the respondent's determination was supported by substantial evidence and was neither arbitrary nor capricious. The evidence of four arrests for gambling violations in the petitioner's place of business from December 1990 to April 1991, one of which resulted in a criminal conviction, supports the respondent's determination that the petitioner's place of business was a

public nuisance *(see,* Administrative Code of City of New York § 10-155 [b]). Upon such a determination, the respondent is authorized to close the petitioner's place of business to the extent necessary to abate the nuisance *(see,* Administrative Code § 10-156).

Despite the petitioner's argument that he has made efforts to separate the area of premises where the illegal gambling violations occurred from the area of the premises which serves as a "legitimate" video rental store, it is clear that the petitioner still has legal as well as physical access to the area of the premises where the gambling violations occurred. Thus, the petitioner's argument that the video store should be allowed to remain open as a separate entity is without merit. Sullivan, J. P., Lawrence, Rosenblatt and O'Brien, JJ., concur.