■ Stapleton Studios, LLC, Respondent, v City of New York et al., Appellants. [776 NYS2d 46]—

Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered August 7, 2003, which, insofar as appealed from, granted petitioner's application for leave to conduct discovery in this CPLR article 78 proceeding to the extent of directing respondents to produce specified categories of documents to petitioner, unanimously reversed, on the law and the facts, without costs, and the application denied.

Pursuant to two successive temporary occupancy permits (collectively, the Permit) granted by respondent City of New York, petitioner Stapleton Studios, LLC (Stapleton) operated a start-up film studio on certain city property at "Homeport" in Staten Island. The Permit contained the following provision, set forth in bold capital letters: "THIS IS A SHORT TERM REVOCABLE OCCUPANCY PERMIT, TERMINABLE AT WILL AT PERMITTOR'S OPTION. PERMITTEE AGREES TO PROMPTLY VACATE THE PREMISES UPON THIRTY (30) DAYS WRITTEN NOTICE OF TERMINATION FROM PERMITTOR OR UPON SUCH LESSER NOTICE AS SPECIFICALLY PROVIDED FOR HEREIN. NO OWNERSHIP, LEASEHOLD OR OTHER PROPERTY INTEREST SHALL VEST IN PERMITTEE BY VIRTUE OF THIS OCCUPANCY PERMIT."

Ultimately, the City concluded that it would not proceed with the Stapleton project, based on concerns about whether Stapleton's financial resources were adequate to support a viable film studio, and about the firm's association with a person who had pleaded guilty to conspiracy to commit fraud. On or about September 4, 2002, the City served Stapleton with a notice stating that the Permit would not be further renewed after its stated expiration date (October 31, 2002), and directing Stapleton to vacate the Homeport property by that date. In response, Stapleton commenced this CPLR article 78 proceeding seeking judicial annulment of the City's decision not to renew the Permit. After joinder of issue, Stapleton made application for leave to conduct discovery pursuant to CPLR 408, and the IAS court, by order entered August 7, 2003, granted such leave to the extent of directing the City to produce specified categories of documents relating to other studio projects with which the City has done business. A Justice of this Court has granted the City leave to appeal from the IAS court's nonfinal order.

We reverse. With the exception of one discovery device not at issue here (a notice to admit), disclosure is available only by

leave of the court in a CPLR article 78 proceeding (*see* CPLR 408, 7804 [a]). Accordingly, Stapleton should not have been granted leave to conduct discovery absent a showing that the discovery sought was likely to be material and necessary to the prosecution or defense of this proceeding. No such showing was possible here, because the pleadings and the terms of the Permit establish that Stapleton is not entitled to the relief it seeks.

In accepting the Permit, Stapleton specifically agreed that the City would be entitled to terminate its occupancy of the Homeport property at will, merely upon the giving of 30 days notice. Moreover, the Permit gave Stapleton no rights with regard to possible renewal. Indeed, Stapleton makes no allegation that any of its rights under the Permit were violated. Further, there is no well-pleaded allegation that the City's refusal to renew the Permit constituted a violation of any law, either procedural or substantive (including the antidiscrimination laws and Uniform Land Use Review Procedure [NY City Charter § 197-c]). Notably, Stapleton did not obtain the Permit as the result of any formal competitive bidding or request-for-proposals process. Thus, Stapleton did not have a right, either vested or contingent, to continue to occupy the Homeport property after the Permit's stated expiration date, and the document production ordered by the IAS court could not impact the outcome of this proceeding. While we recognize that the merits of the City's business judgment in refusing to renew Stapleton's Permit is a valid topic of debate, that decision is not, on this record, subject to judicial review. Concur—Nardelli, J.P., Tom, Ellerin, Lerner and Friedman, JJ.