■ In the Matter of JAMES ALLOCCA, Appellant, v RAYMOND KELLY, as Police Commissioner of the City of New York, et al., Respondents. [844 NYS2d 195]—

Order and judgment (one paper), Supreme Court, New York County (Michael D. Stallman, J.), entered February 2, 2006, which denied the petition brought pursuant to CPLR article 78 seeking reinstatement of petitioner to his position as a police officer with retroactive pay and benefits, and disclosure of his medical records, and dismissed the proceeding, unanimously affirmed, without costs.

Petitioner was appointed as a probationary police officer, but was later terminated after it was determined that he committed fraud on his application. Petitioner appealed to the New York City Civil Service Commission (Commission), which, following a hearing, directed that he be reinstated to his position as a police officer. Petitioner appeared for a mandatory medical examination and was found not qualified for reinstatement at which point he commenced the instant proceeding to enforce the Commission's directive that he be reinstated, and seeking retroactive salary and benefits. During the pendency of this proceeding, petitioner's medical records were reevaluated and it was determined that he was qualified for reinstatement and was so notified, but petitioner refused the offer.

The court properly denied the petition and dismissed the proceeding after petitioner refused the only relief to which he was entitled. Although the Commission directed petitioner's reinstatement to the position of police officer, it did not award

him retroactive salary and benefits. The Commission was without authority to issue such an award (*see Matter of Department of Personnel of City of N.Y. v New York City Civ. Serv. Commn.*, 79 NY2d 806, 807 [1991]), and the court correctly determined that the retroactive salary and benefits being sought were not incidental to petitioner's reinstatement as a police officer (CPLR 7806). Denial of petitioner's request for disclosure of his medical records to assist him in settlement negotiations was also appropriate. The request, made for the first time in petitioner's response to respondent's motion to dismiss, was not properly before the court (CPLR 408, 7804 [a]), and, in any event, petitioner made no showing that such records were material and necessary to the prosecution of this proceeding (*Stapleton Studios v City of New York*, 7 AD3d 273, 275 [2004]). Concur—Lippman, P.J., Tom, Nardelli, Gonzalez and Kavanagh, JJ.