[886 NE2d 768, 857 NYS2d 7]

In the Matter of TOWN OF RYE et al., Appellants, v NEW YORK STATE BOARD OF REAL PROPERTY SERVICES et al., Respondents.

Argued February 5, 2008; decided March 20, 2008

**APPEARANCES OF COUNSEL**

*DelBello Donnellan Weingarten Wise & Wiederkehr, LLP,* White Plains (*Gregory Spaun, Brian T. Belowich* and *Michael J. Schwarz* of counsel), for appellants.

*Andrew M. Cuomo, Attorney General,* New York City (*Cecelia Chang, Barbara D. Underwood* and *Michael S. Belohlavek* of counsel), for New York State Board of Real Property Services, respondent.

*Huff Wilkes LLP,* Tarrytown (*John J. Loveless* of counsel), for City of Rye, respondent.

**OPINION OF THE COURT**

MEMORANDUM.

The order of the Appellate Division should be affirmed, with costs.

The Town of Rye and a Town of Rye taxpayer commenced this CPLR article 78 proceeding to challenge the State Board of Real Property Services' decision not to establish a segment-special equalization rate for the City of Rye. Judicial review of

state equalization rates is governed by section 1218 of the Real Property Tax Law, which provides that an action may be commenced "in the appellate division of the supreme court in the manner provided by [article 78] upon application of *the county, city, town or village for which the rate or rates were established*" (emphasis added). In *Matter of Town of Riverhead v New York State Bd. of Real Prop. Servs.* (5 NY3d 36, 43 [2005]), we concluded that, "[i]n light of the express limitation set forth in RPTL 1218," a municipality lacks the capacity to contest a segment-special equalization rate established by the State Board for a different municipality within the same school district. Citing *Town of Riverhead*, the Appellate Division granted the Board's and the City's motions to dismiss this proceeding on the ground that both petitioners lacked capacity to sue under section 1218.

As we emphasized in *Town of Riverhead*, RPTL 1218 expressly limits those entitled to seek judicial review to directly affected municipalities whose own "rate or rates were established" by the State Board. Neither the Town nor the individual taxpayer falls within this class of parties. Next, assuming the individual taxpayer fulfills the requirements for common-law standing, jurisdiction to entertain an action based on common-law standing would lie in Supreme Court, not the Appellate Division. Finally, the individual taxpayer's constitutional challenge to RPTL 1218 was not raised in the amended petition, and therefore is not preserved for our review.

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order affirmed, with costs, in a memorandum.