Matter of Express Scripts, Inc. v Metropolitan Tr. Auth. (2020 NY Slip Op 07492)





Matter of Express Scripts, Inc. v Metropolitan Tr. Auth.


2020 NY Slip Op 07492


Decided on December 15, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 15, 2020

Before: Kapnick, J.P., Mazzarelli, Singh, Kennedy, JJ. 


Index No. 154379/19 Appeal No. 12642-12642A Case No. 2020-02651 

[*1]In the Matter of Express Scripts, Inc., Petitioner-Appellant,
v
Metropolitan Transit Authority, et al., Respondents-Respondents.


Hodgson Russ LLP, New York (Carmine J. Castellano of counsel), for appellant.
Baker & Hostetler LLP, New York (Maximillian S. Shifrin of counsel), for Metropolitan Transit Authority and New York City Transit Authority, respondents.
Foley & Lardner LLP, New York (Robert A. Scher of counsel), for CaremarkPCS Health, LLC, respondent.



Orders, Supreme Court, New York County (Melissa A. Crane, J.), entered October 17, 2019, which, respectively, denied the petition seeking to annul respondents' determination, dated March 27, 2019, awarding a three-year pharmacy benefits management contract to respondent CVS and dismissed the proceeding brought pursuant to CPLR article 78; and denied petitioner's motion for leave to pursue discovery, unanimously affirmed, without costs.
Petitioner Express Scripts, Inc. (ESI) failed to show that a decision by the Metropolitan Transit Authority (MTA) to forego the competitive bidding process for a new pharmacy benefits manager (PBM) was arbitrary, capricious, or an abuse of power (see CPLR 7803; District Council 37, Am. Fedn. of State, County, & Mun. Empls., AFL- CIO v City of New York, 22 AD3d 279, 283-284 [1st Dept 2005]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 230 [1974]). Article III, paragraph C of the All Agency Service Contract Procurement Guidelines (the Guidelines), which MTA adopted pursuant to New York Public Authorities Law § 2879, allows MTA to forego the competitive selection process if an emergency or other circumstance makes competition impracticable or inappropriate. Here, MTA rationally determined that its dire financial condition, which was exacerbated by its prior three-year PBM contract with ESI that resulted in significant cost overruns, made it impracticable or inappropriate to engage in the competitive selection process (see e.g. Develop Don't Destroy Brooklyn v Empire State Dev. Corp., 31 AD3d 144, 154-Case# 155 [1st Dept 2006]).
Moreover, the Guidelines do not preclude MTA from inviting proposals from qualified service providers, despite foregoing a formal bidding process, or require that the emergency be declared before seeking these proposals. Thus, MTA's solicitations in January 2019 and its evaluation of proposals from two PBMs did not violate the Guidelines (cf. Matter of ACME Bus Corp. v Orange County, 28 NY3d 417 [2016]).
ESI's request for discovery is moot, as MTA's emergency procurement had a rational basis and the petition was properly dismissed. In any event, ESI failed to show that the discovery is "material and necessary to the prosecution or defense of [the]
proceeding" (Stapleton Studios v City of New York, 7 AD3d 273, 275 [1st Dept 2004]; accord Matter of Allocca v Kelly, 44 AD3d 308, 309 [1st Dept 2007]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 15, 2020