Matter of J-Bon, LLC v City of Syracuse (2020 NY Slip Op 07813)





Matter of J-Bon, LLC v City of Syracuse


2020 NY Slip Op 07813


Decided on December 23, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, AND BANNISTER, JJ.


1191 TP 20-00876

[*1]IN THE MATTER OF J-BON, LLC, TOM VOUMARD AND ROBERT SMITH, PETITIONERS,
v
CITY OF SYRACUSE, CITY OF SYRACUSE POLICE DEPARTMENT AND KENTON T. BUCKNER, CHIEF OF POLICE, RESPONDENTS. 






CERIO LAW OFFICES, SYRACUSE (DAVID W. HERKALA OF COUNSEL), FOR PETITIONERS. 
KRISTEN E. SMITH, CORPORATION COUNSEL, SYRACUSE (SARAH A. BARTELS OF COUNSEL), FOR RESPONDENTS. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by an order of the Supreme Court, Onondaga County [Anthony J. Paris, J.], entered July 13, 2020) to review a determination of respondents. The determination, among other things, declared the subject property to be a public nuisance and ordered the property closed for a period of 12 months. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioners commenced this CPLR article 78 proceeding seeking to annul a determination, following a hearing, finding that a public nuisance existed on petitioners' rental property and ordering closure of the property for a period of 12 months pursuant to the Syracuse Nuisance Abatement Ordinance (Revised General Ordinances of City of Syracuse [City Ordinance]) § 45-4 (c). The finding that a public nuisance as defined by City Ordinance § 45-2 existed on the property was based on the evidence that, within a
24-month period, the police made five arrests for controlled substance and marihuana offenses under Penal Law articles 220 and 221. We confirm the determination.
Initially, inasmuch as petitioners "failed to include in their brief numerous issues raised in their petition, those issues are deemed abandoned" (Matter of Brenda H. v Johnson, 269 AD2d 787, 787 [4th Dept 2000], appeal dismissed 95 NY2d 790 [2000], cert denied 531 US 935 [2000]; see Matter of Sarkis v Monroe County Dept. of Human Servs., 133 AD3d 1344, 1344 [4th Dept 2015]). Contrary to petitioners' contention, upon our review of the record, we conclude that there is substantial evidence to support the determination that closing the premises for a period of 12 months was necessary to abate the public nuisance (see City Ordinance § 45-4 [c]; Matter of Johnson v Police Dept. of City of N.Y., 178 AD2d 643, 643-644 [2d Dept 1991]). Finally, inasmuch as petitioners failed to raise their present constitutional challenge in the petition, that challenge is not properly before us (see Matter of Bottom v Annucci, 26 NY3d 983, 985 [2015]; Matter of Town of Rye v New York State Bd. of Real Prop. Servs., 10 NY3d 793, 795 [2008]; see also Matter of Allocca v Kelly, 44 AD3d 308, 309 [1st Dept 2007]).
Entered: December 23, 2020
Mark W. Bennett
Clerk of the Court