Matter of Gurin v Utica Mun. Hous. Auth. (2022 NY Slip Op 05401)

Matter of Gurin v Utica Mun. Hous. Auth.

2022 NY Slip Op 05401

Decided on September 30, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, PERADOTTO, AND NEMOYER, JJ.

605 TP 22-00368

[*1]IN THE MATTER OF SERGEY GURIN, PETITIONER,
v
UTICA MUNICIPAL HOUSING AUTHORITY, DOING BUSINESS AS PEOPLE FIRST, RESPONDENT. 

DAREN J. RYLEWICZ, CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., ALBANY (SCOTT LIEBERMAN OF COUNSEL), FOR PETITIONER.
THE LAW FIRM OF FRANK W. MILLER, PLLC, EAST SYRACUSE (FRANK W. MILLER OF COUNSEL), FOR RESPONDENT. 

 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by an order of the Supreme Court, Oneida County [Patrick F. MacRae, J.], entered December 8, 2021) to review a determination of respondent. The determination terminated petitioner's employment with respondent. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: In this CPLR article 78 proceeding, transferred to this Court pursuant to CPLR 7804 (g), petitioner seeks to annul a determination following a hearing pursuant to Civil Service Law § 75 that found him guilty of several disciplinary charges and terminated his employment as a maintenance mechanic in housing complexes operated by respondent. Initially, we note that petitioner challenges the procedures employed by respondent and the penalty imposed, but does not raise a substantial evidence issue, and thus Supreme Court erred in transferring the proceeding to this Court (see Matter of Fundergurg v New York State Off. of Children & Family Servs., 148 AD3d 1667, 1668 [4th Dept 2017]; Matter of Lynch v New York State Dept. of Motor Vehs. Appeals Bd., 125 AD3d 1326, 1326-1327 [4th Dept 2015]). Nevertheless, in the interest of judicial economy, we address the merits of petitioner's challenges (see Lynch, 125 AD3d at 1326).
Petitioner first contends that respondent failed to make an informed decision based upon an independent appraisal of the evidence introduced at the hearing, and that respondent merely accepted the recommendation of its executive director. We conclude that there is no evidence in the record that supports those contentions and, "in the absence of a 'clear' revelation that the administrative body 'made no independent appraisal and reached no independent conclusion,' its decision will not be disturbed" (Matter of Taub v Pirnie, 3 NY2d 188, 195 [1957]; see Matter of Farabell v Town of Macedon, 62 AD3d 1246, 1248 [4th Dept 2009]; see also Matter of Uncle Sam Garages, LLC v Capital Dist. Transp. Auth., 171 AD3d 1260, 1262 [3d Dept 2019], lv denied 33 NY3d 912 [2019]).
With respect to petitioner's further contention that the penalty is so excessive that it shocks the conscience, it is well settled that our review of challenges to the penalty imposed by an administrative agency "is extremely limited" (Matter of Oliver v D'Amico, 151 AD3d 1614, 1618 [4th Dept 2017], lv denied 30 NY3d 913 [2018], rearg denied 31 NY3d 1066 [2018]). Even if we would have reached a different decision if called upon to determine the appropriate sanction in the first instance, we "do not have any 'discretionary authority or interest of justice jurisdiction in reviewing the penalty imposed' " (id., quoting Matter of Kelly v Safir, 96 NY2d 32, 38 [2001], rearg denied 96 NY2d 854 [2001]; see Matter of Marentette v City of Canandaigua, 159 AD3d 1410, 1412 [4th Dept 2018], lv denied 31 NY3d 912 [2018]). Contrary [*2]to petitioner's contention, the penalty of termination imposed here is not " 'so disproportionate to the offense as to be shocking to one's sense of fairness' " (Kelly, 96 NY2d at 38), and thus it does not constitute an abuse of discretion as a matter of law.
Entered: September 30, 2022
Ann Dillon Flynn
Clerk of the Court