Matter of Westside Grocery & Deli, LLC v City of Syracuse (2022 NY Slip Op 07353)

Matter of Westside Grocery & Deli, LLC v City of Syracuse

2022 NY Slip Op 07353

Decided on December 23, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, NEMOYER, AND WINSLOW, JJ.

819 TP 22-00508

[*1]IN THE MATTER OF WESTSIDE GROCERY & DELI, LLC, PETITIONER-PLAINTIFF,
v
CITY OF SYRACUSE, AND KENTON BUCKNER, CHIEF OF POLICE OF THE CITY OF SYRACUSE, RESPONDENTS-DEFENDANTS. 

ABRAHAM LAW PLLC, SYRACUSE (IMAN ABRAHAM OF COUNSEL), FOR PETITIONER-PLAINTIFF.
SUSAN KATZOFF, CORPORATION COUNSEL, SYRACUSE (DANIELLE R. SMITH OF COUNSEL), FOR RESPONDENTS-DEFENDANTS. 

 Proceeding pursuant to CPLR article 78 and declaratory judgment action (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Onondaga County [Deborah H. Karalunas, J.], entered April 1, 2022) to review a determination of respondents-defendants. The determination found a public nuisance following a hearing. 
It is hereby ORDERED that the order insofar as it transferred that part of the action/proceeding seeking declaratory relief is unanimously vacated without costs, the declaratory judgment action and CPLR article 78 proceeding are severed, the declaratory judgment action is remitted to Supreme Court, Onondaga County, for further proceedings, and the determination is confirmed without costs.
Memorandum: Petitioner-plaintiff (petitioner) commenced this hybrid CPLR article 78 proceeding and declaratory judgment action seeking, inter alia, to annul a determination, following a hearing, finding that a public nuisance existed on premises where it operated a grocery and convenience store, and imposing a $1,000 civil penalty on the premises' owner and ordering closure of the premises for a period of 12 months pursuant to the Syracuse Nuisance Abatement Ordinance (Revised General Ordinances of City of Syracuse [City Ordinance])
§ 45-4 (c) and (d). We confirm the determination.
Contrary to petitioner's contention, upon our review of the record, we conclude that there is substantial evidence to support the determination that a public nuisance as defined by City Ordinance
§ 45-2 existed on the premises based on the evidence that there were "violation[s]" of Penal Law and other provisions enumerated in the ordinance that resulted in six arrests, within a 24-month period, under the relevant provisions. The evidence further showed that the arrests were "predicated on events, circumstances or activities occurring on the premises" and that the "illegal activities . . . had a negative impact and seriously interfere[d] with the interest of the public in the quality of life" (City Ordinance § 45-2). The term "violation" in the context of City Ordinance § 45-2 means the existence of the prohibited conduct set out in the relevant Penal Law and other provisions identified in the ordinance, and does not require evidence that the arrests resulted in a criminal prosecution or conviction (see generally City of New York v Castro, 160 AD2d 651, 652 [1st Dept 1990]).
Contrary to petitioner's further contention, upon our review of the record, we conclude that there is substantial evidence to support the determination that closing the premises for a [*2]period of 12 months was necessary to abate the public nuisance (see City Ordinance
§ 45-4 [c]; Matter of J-Bon, LLC v City of Syracuse, 189 AD3d 2155, 2156 [4th Dept 2020]; see also Matter of Johnson v Police Dept. of City of N.Y., 178 AD2d 643, 643-644 [2d Dept 1991]). Petitioner's contention that the civil penalty was improperly imposed was not raised in its petition-complaint, and is thus not properly before us (see Matter of Town of Rye v New York State Bd. of Real Prop. Servs., 10 NY3d 793, 795 [2008]; J-Bon, LLC, 189 AD3d at 2156; see also Matter of Allocca v Kelly, 44 AD3d 308, 309 [1st Dept 2007]). In any event, petitioner lacks standing to challenge the civil penalty inasmuch as it was imposed on the owner of the premises, and petitioner has therefore not suffered an injury in fact (see generally New York State Assn. of Nurse Anesthetists v Novello, 2 NY3d 207, 211-212 [2004]).
With respect to petitioner's challenge to the constitutionality of City Ordinance § 45-2, we note that "[a] declaratory judgment action is the proper vehicle for [such a] challeng[e]" (Matter of Sibley v Watches, 194 AD3d 1385, 1388 [4th Dept 2021], appeal dismissed and lv denied 37 NY3d 1131 [2021], rearg denied 38 NY3d 1006 [2022] [internal quotation marks omitted]; see Matter of Nelson v Stander, 79 AD3d 1645, 1647 [4th Dept 2010]), and we do not "have jurisdiction to consider the declaratory judgment action as part of this otherwise properly transferred CPLR article 78 proceeding" (Matter of Cookhorne v Fischer, 104 AD3d 1197, 1197 [4th Dept 2013]). "The transfer of a declaratory judgment action to this Court is not authorized by CPLR 7804 (g)" (Matter of Blue v Zucker, 192 AD3d 1693, 1695 [4th Dept 2021]; see Matter of Applegate v Heath, 88 AD3d 699, 700 [2d Dept 2011]). We therefore vacate the order insofar as it transferred the declaratory judgment action, sever the declaratory judgment action and CPLR article 78 proceeding, and remit the declaratory judgment action to Supreme Court for further proceedings (see Cookhorne, 104 AD3d at 1197-1198). We have reviewed petitioner's remaining contentions and conclude that none warrants a different result.
Entered: December 23, 2022
Ann Dillon Flynn
Clerk of the Court