Matter of Adirondack White Lake Assn. v Adirondack Park Agency (2024 NY Slip Op 01621)

Matter of Adirondack White Lake Assn. v Adirondack Park Agency

2024 NY Slip Op 01621

Decided on March 22, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, NOWAK, AND DELCONTE, JJ.

9 CA 22-01964

[*1]IN THE MATTER OF ADIRONDACK WHITE LAKE ASSOCIATION, AND PROTECT THE ADIRONDACKS!, PETITIONERS-APPELLANTS,
v
ADIRONDACK PARK AGENCY, RESPONDENT-RESPONDENT, AND RED ROCK QUARRY ASSOCIATES, LLC, RESPONDENT. 

CHRISTOPHER A. AMATO, JOHNSBURG, AND TODD D. OMMEN, WHITE PLAINS, FOR PETITIONERS-APPELLANTS. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (LUCAS C. MCNAMARA OF COUNSEL), FOR RESPONDENT-RESPONDENT. 

 Appeal from a judgment (denominated order) of the Supreme Court, Oneida County (Bernadette T. Clark, J.), entered September 20, 2022, in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioners commenced this proceeding pursuant to CPLR article 78 seeking, inter alia, to annul the determination of respondent Adirondack Park Agency (APA) conditionally approving the application of respondent Red Rock Quarry Associates, LLC (Red Rock) for a major project permit in connection with a granite mining project located within the Adirondack Park. In their petition, petitioners asserted a single cause of action in which they alleged, inter alia, that it was arbitrary and capricious for the APA to conditionally approve the application and issue the permit without first holding a public hearing. Supreme Court dismissed the petition, and petitioners now appeal. We affirm.
Petitioners contend that they submitted evidence to the APA warranting a public hearing on Red Rock's application pursuant to Executive Law § 809 (3) (d) and 9 NYCRR 580.2 and that, in light of such evidence, the APA acted arbitrarily and capriciously in declining to hold a public hearing. We reject that contention. Our review of the APA's determination is "limited to whether the . . . determination was irrational, arbitrary and capricious or contrary to law" (Matter of Adirondack Wild: Friends of the Forest Preserve v New York State Adirondack Park Agency, 34 NY3d 184, 191 [2019]; see Matter of Town of Marilla v Travis, 151 AD3d 1588, 1589 [4th Dept 2017]). Although "[a]n agency acts arbitrarily and capriciously when it fails to conform to its own regulations" (St. Joseph's Hosp. Health Ctr. v Department of Health of State of N.Y., 247 AD2d 136, 155 [4th Dept 1998], lv denied 93 NY2d 803 [1999]), "[a]n agency's interpretation of its own regulations is entitled to deference if that interpretation is not irrational or unreasonable" (Matter of IG Second Generation Partners L.P. v New York State Div. of Hous. & Community Renewal, Off. of Rent Admin., 10 NY3d 474, 481 [2008] [internal quotation marks omitted]).
Contrary to petitioners' contention, the record supports the APA's determination that there were no "substantive and significant" issues with respect to whether the project would have an "undue adverse impact on the natural, scenic, aesthetic, ecological, wildlife, historic, recreational or open space resources" of the Adirondack Park (Executive Law § 809 [3] [d]; [10] [e]). We thus conclude that the APA did not act in an arbitrary or capricious manner in declining to conduct a public hearing before issuing the permit (see generally Executive Law § 809 [3] [d]; [*2]9 NYCRR 580.2). Where, as here, an "agency's determination has a rational basis, it will be sustained, even if a different result would not be unreasonable" (Matter of Adirondack Wild: Friends of the Forest Preserve v New York State Adirondack Park Agency, 161 AD3d 169, 176 [3d Dept 2018], affd 34 NY3d 184 [2019] [internal quotation marks omitted]).
Petitioners further contend that the actions of the APA were arbitrary, capricious, and contrary to law because the APA staff presentation with respect to the determination whether to conduct a public hearing was biased. Contrary to petitioners' contention, however, there is no indication in the record that the APA "failed to make an informed decision based upon an independent appraisal of the evidence" (Matter of Gurin v Utica Mun. Hous. Auth., 208 AD3d 1591, 1592 [4th Dept 2022]).
Finally, petitioners contend that the APA fabricated its own standard for determining whether to conduct a public hearing. Petitioners, however, did not raise that issue in the petition, and therefore it is not properly before us (see Matter of Onondaga Ctr. for Rehabilitation & Healthcare v New York State Dept. of Health, 211 AD3d 1514, 1516 [4th Dept 2022], lv denied 40 NY3d 902 [2023]; Matter of Westside Grocery & Deli, LLC v City of Syracuse, 211 AD3d 1551, 1552-1553 [4th Dept 2022]).
Entered: March 22, 2024
Ann Dillon Flynn
Clerk of the Court